**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

---

ALAN THOMAS HAHN,

      Plaintiff,

                                    Case No. 06-CV-12814

v.

ARTHUR J. TARNOW et al.,

      Defendants.

_____/

**ORDER DISMISSING PLAINTIFF'S CLAIM
PURSUANT TO 28 U.S.C. §§ 1915(e) AND 1915A**

The above-entitled cause of action is one of eight cases filed in federal court by Plaintiff Alan Thomas Hahn within a five-year period of time: (1) *Hahn v. Martin et al.*, No. 01-CV-74656 (E.D. Mich.) ("*Martin*"); (2) *Hahn v. Mich. Dep't Corr.*, No. 01-CV-73720 (E.D. Mich.) ("*MDC I*"); (3) *Hahn v. Engler et al.*, No. 04-CV-0051 (W.D. Mich.) ("*Engler*"); (4) *Hahn v. H. Foote Hosp. et al.*, No. 04-CV-73318 (E.D. Mich.) ("*Foote Hospital*"); (5) *Hahn v. Mich. Dep't Corr. et al.*, No. 05-CV-70151 (E.D. Mich.) ("*MDC II*"); (6) *Hahn v. Fullerton et al.*, No. 05-CV-70783 (E.D. Mich.) ("*Fullerton*"); (7) *Hahn v. Mich. Dep't Corr.*, No. 05-CV-70778 (E.D. Mich.) ("*MDC III*").  The *Engler* matter was dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief could be granted.  The remaining six cases have been consolidated and are pending in the Eastern District of Michigan before the Honorable Arthur J. Tarnow.[1]

---

[1] The claims are consolidated as No. 01-CV-74656, *Hahn v. Martin et al.*  Because Plaintiff originally named Judge Tarnow as a defendant in the current suit, it has not been consolidated with the remaining six claims pending before Judge Tarnow..

Plaintiff has been proceeding *pro se*. It is established that "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972). In reviewing a *pro se* complaint, a court must construe the pleadings liberally and in favor of the *pro se* litigant. *Id.* At this preliminary stage of review, all factual assertions made by Plaintiff and inferences reasonably drawn there from will be accepted as true. *Id.* This review ensures that *pro se* pleadings are given fair and meaningful consideration. *Id.*

The current fee for a civil action is $350. (5/22/06 Order to Proceed In Forma Pauperis Without Payment of Initial Fee.) Normally, a prisoner plaintiff must pay a portion of this as an initial partial filing fee with the filing of his complaint. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). However, Plaintiff has "no funds in his account" and "no assets." (5/22/06 Order.) On May 22, 2006, Plaintiff was granted leave to proceed *in forma pauperis* and was not required to pay any initial filing fee.[2] (*Id.*) Pursuant to that order, any pleadings served by Plaintiff shall be at the expense of the United States government. (*Id.*) Plaintiff's complaint exceeds one hundred pages and must be served upon sixteen defendants.[3] The court need not, however, determine

---

[2] Plaintiff was not entirely relieved from paying the $350.00 filing fee; instead, he was required to pay as funds become available through monthly payments of 20 percent of the preceding month's income credited to his prison trust fund account. (Order to Proceed In Forma Pauperis Without Payment of Initial Fee at 1-2.) Therefore, Plaintiff remains responsible for the filing fee, despite this order dismissing his complaint. (*Id.* at 2.) *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

[3] The suit originally named twenty-seven defendants. However, eleven were dismissed by the Western District of Michigan pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (6/6/06 Order Transferring Case.) The case was then transferred to the Eastern District of Michigan. (*Id.*)

specifically how these costs will be covered.  The court will instead review the complaint pursuant to the power granted by 28 U.S.C. §§ 1915(e), 1915A, as well as the court's inherent authority to control its docket in the interest of wise judicial administration, to ensure judicial efficiency for all parties.

"A complaint that merely repeats pending or previously litigated claims may be considered abusive and a court may look to its own records to determine whether a pleading repeats prior claims."  *Ballentine v. Crawford*, 563 F. Supp. 627, 629 (N.D. Ind. 1983) (citing *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981); *see also Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (citing *Dave v. Bounds*, 509 F.2d 66, 68-69 (4th Cir. 1975); *Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972)).  As such, the court will consider all seven of the previous complaints filed by Plaintiff.  The court finds that, pursuant to principles of judicial economy, 28 U.S.C. § 1915(e), and Section 1915A(b), this complaint is repetitive, malicious and frivolous, and duplicative, and will therefore dismiss Plaintiff's instant case.

## I. BACKGROUND

On August 23, 1996, Plaintiff was sentenced to the custody of the Michigan Department of Corrections for a term of 8 to15 years following his conviction in the Clinton County Circuit Court for second-degree criminal sexual conduct.  (Compl. at ¶ 40; *Engler* Opinion at 2.)   Plaintiff is a paraplegic, and is paralyzed fully from the armpits down; he only has use of his arms, neck, upper chest and upper back.  (Compl. at ¶ 47.)  Since March 9, 2004, Plaintiff has been confined at Standish Maximum Facility ("SMF") in a general population unit.  (*Id.* at ¶ 67.)  Due to his condition, Plaintiff has

3

allegedly sustained injuries from falls, dating as early as November 17, 2000.  (*Id.* at ¶ 73.)

In his *pro se* complaint, Plaintiff sues the following twenty-seven defendants: Judge Arthur J. Tarnow; the State of Michigan; the Michigan Department of Corrections ("MDOC"); Corrections Medical Services ("CMS"); Patricia Caruso, MDOC Director; Dennis Straub, MDOC Deputy Director; Dr. William Bogerdine, former Region 1 Health Administrator; Dr. (unknown) Pandya, *Pro Tem* Region 1 Health Administrator; Craig Hutchinson, CMS liaison to the MDOC; James MacMeekin, Region 1 Prison Administrator; Terry Malloy, Region 1 Nurse/Health Care Manager; Dr. (unknown) Pramstaller, MDOC Chief Health Care Administrator; Thomas Birkett, SMF Warden; David Sivik, SMF Assistant Resident Unit Manager; Raymond Bowerson, SMF Resident Unit Manager; Joseph Burtch, SMF doctor; Karen Peters, SMF Health Unit Manager; Heather Bailey, SMF Nursing Supervisor; and current and former SMF Deputy Wardens B. Meagher, O. T. Winn, T. Ball, (unknown) Krajnik, S. M. King, C. Walker, (unknown) Ricumdtrict, J. Sciotti, and M. Curley.[4]  Each is named "in his/her job capacity."  (*Id.* at ¶ 51).

Plaintiff's claims concern the conditions of his confinement at SMF.  (*Id.* at ¶ 35.) Plaintiff is provided a bed that lacks a trapeze, proper rails, functioning height adjustability and sufficient width.  (*Id.* at ¶ 69.)  This makes transfer out of his bed, given

---

[4] Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), the following eleven Defendants were dismissed: Judge Arthur J. Tarnow; State of Michigan; MDOC; Patricia Caruso; Denis Straub; William Bogerdine; (unknown) Pandya; Craig Hutchinson; (unknown) Pramstaller; James MacMeekin; and Terry Maloy.  (No. 5:06-CV-74 Order of Transfer (W.D. Mich.).)  Each of these Defendants either had immunity, or Plaintiff failed to state a claim against the defendant.

4

his medical condition, extremely difficult and painful.  (*Id.*)  Plaintiff is not assigned a

prisoner aide to assist with transfers between his bed and wheelchair.  (*Id.* at ¶ 70.)

Plaintiff is not provided with a four-by-six-foot rubber-backed floor mat to help prevent

his wheelchair from slipping during transfers between his bed and wheelchair.  (*Id.* at ¶

71.)  As a result, Plaintiff sustained numerous falls and injuries.  (*Id.* at ¶ 73(A).)

Plaintiff requires medication three times daily to treat urinary tract infections, a

serious threat to his health given spinal cord injury and his paralyzing disability.  (*Id.* at ¶

72; *Id.* at 34-35.)  Defendants will not deliver antibiotics directly to Plaintiff's bed,

requiring him instead to leave his cell to retrieve his medication.  (*Id.* at ¶¶ 72, 74-76.)

Plaintiff has requested that his medication be self-dispensed, but has been refused.  (*Id.*

at ¶ 77).  Therefore, to receive his medication, Plaintiff must transfer himself from his

bed to his wheelchair three times a day.  (*Id.* at ¶¶ 72, 74-76.)  Plaintiff contends that

making the transfer to receive his medication without the proper bed or floor mat is

dangerous and results in "excruciating pain" to him, as well as fear and exhaustion.  (*Id.*

at 25-26.)  However, foregoing the medication to avoid the painful transfer could result

in serious health risks to Plaintiff.  (*Id.* at 35-36.)

Plaintiff claims that Defendants' conduct violates his Eighth Amendment right

against cruel and unusual punishment, and his rights under the Americans with

Disabilities Act ("ADA").  *See* 42 U.S.C. §§ 12101 *et seq.*  Plaintiff seeks injunctive relief

requiring SMF to bring its facilities in to compliance with the ADA.  Plaintiff also seeks

monetary damages in the amount of $200,000 from each Defendant for each claim, for

a total of approximately $22,000,000, and further requests criminal prosecution of each

Defendant.

As previously mentioned, Plaintiff has six suits pending in this district.  The court has reviewed these suits and finds that they similarly concern the conditions of Plaintiff's confinement by the MDOC and the improper facilities at SMF.

## II. DISCUSSION

### A.  DISMISSAL PURSUANT TO 28 U.S.C. §§ 1915(e) AND 1915A

Section 1915(a) of Title 28, United State Code, authorizes courts to allow indigent litigants to proceed *in forma pauperis* without paying administrative costs of proceeding with a civil or criminal action.  28 U.S.C. § 1915(a).  However, the statute protects against abuses of this privilege by allowing a district court to dismiss a case "if at any time the court determines that . . . the action or appeal . . . is frivolous or malicious."  28 U.S.C. § 1915(e)(2).  The statute goes on to require courts, before docketing (or as soon as practicable), to "screen" the complaint.  28 U.S.C. § 1915A(a).  Upon this screening, "the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint    . . .  is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b).

Courts have held that an *in forma pauperis* complaint that merely "repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of [section] 1915[e]" as "malicious."  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (citing *Ballentine*, 563 F. Supp. at 629); *see also Cato v. United States*, 70 F.3d 1103, 1105 n2 (9th Cir. 1995).  The Supreme Court explained, "[a] litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citations omitted).

6

In determining whether a dismissal is warranted, there is no specific test to follow; instead, a district court is "vested with especially broad discretion." *Green v. McKaskle*, 788 F.2d 1116, 1117 (5th Cir. 1986). Courts generally look to the identity of the parties, legal claims, factual allegations including temporal circumstances, and the relief sought to determine if the complaint is repetitive or malicious. *See, e.g., Van Meter*, 518 F.2d at 366 (8th Cir. 1975); *Bailey*, 846 F.2d at 1019 (5th Cir. 1988). The court has considered each aspect of Plaintiff's litigation and determines that his complaint is repetitive.

The identities of the parties in the current complaint are substantially similar to those in other pending actions. Of the remaining sixteen Defendants in this case, eleven are named in at least one suit (and some in as many as five suits) filed by Plaintiff and pending in this district. As to these eleven Defendants, the complaints are identical.

Only five parties are unique to this suit. However, while courts require that multiple complaints do not "significantly differ," there is no requirement that the parties be exactly identical; instead, courts focus on the substance of the complaint. *See Vinson v. Michigan Parole Board*, No. 05-72401, slip op. at 1 (E.D. Mich. Mar. 2, 2006) (quotation omitted). Similarly, although this complaint names different individuals as

7

defendants, they are in essence performing the same role and acting in identical capacities.[5]

Each party is sued "in his/her job capacity." (Compl. at ¶ 51.) As a result, the individual identities of each party does not matter so much as the position they held. For example, Defendant Heather Bailey is presently sued in her capacity as "Nursing Supervisor." (*Id.* at ¶ 16.) In five of the pending suits, however, Plaintiff named Karen Wright, who is not party to this suit, in *her* capacity as "Nursing Supervisor" and "Nurse Manager." (*See, e.g.*, *Martin* Compl. at 1; *Fullerton* Compl. at ¶ 27.) Though the individual names have changed, the professional position and capacity in which each is sued is identical. The same is true for Defendants Sivik (Assistant Resident Unit Manager), Krajnik (Deputy Warden Successor), Ricumstrict (Deputy Warden Successor) and Sciotti (Deputy Warden Successor). Though they are not personally a party to any other of the pending suits, another individual holding the identical job title is also a defendant. The complaint has, in essence, named Defendants identical to those in pending suits. Regarding the identity of the parties, this complaint therefore is substantially similar to those already pending.

Plaintiff's legal theories are also duplicative. Plaintiff's complaint broadly alleges that his "cause of action arises out of each Defendant's equal protection, Due Process,

---

[5] Other courts have held that, for the purpose of determining repetitive suits, different parties can be substantially similar. For example, in *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988), the Fifth Circuit held that, despite the fact that different defendants were named, the "complaint repeat[ed] the same factual allegations" asserted in the earlier case and was therefore correctly dismissed. *See also Simms v. Santa Rita Jail Med. Staff*, 2004 U.S. Dist. LEXIS 2314, *1-2 (N.D. Cal., Feb. 13, 2004) (holding a complaint repetitive and therefore abusive under 28 U.S.C. § 1915A, despite the fact that plaintiff added additional defendants in the later-filed action).

liberty interest, Atypical and significant hardship, cruel and unusual punishment violations; their tortuous, negligent, deliberately indifferent, grossly negligent, conspiratiorial, retaliatory, and/or otherwise wrongful conduct." (Compl. at ¶ 35.)  This allegation is reproduced verbatim in *MDC II*, *Fullerton*, and *MDC III.*  (*MDC II* Compl. at ¶ 2; *Fullerton* Compl. at ¶ 2; *MDC III* Compl. at ¶ 2.)  In the current complaint, Plaintiff alleges violations of his rights "under the U.S. Constitution's 1st, 4th, 5th, 8th, and 14th Amendments, [the] Michigan Constitution, Art. I, Sections 1, 2, 5, 11, 16 and 17, to be protected from denial of his necessary medical/disability needs." (Compl. at ¶ 53). Again, the court finds this allegation repeated in *MDC II, Fullerton*, and *MDC III.*  (*MDC II* Compl. at ¶ 37; *Fullerton* Compl. at ¶ 30; *MDC III* Compl. at ¶ 30.)  Plaintiff also alleges violations of his rights under "the ADA, FRA, CRIPA, 18 U.S.C. Sections 241, 242, and 371." (Compl. at ¶ 53.)  This allegation is also not new, as Plaintiff stated the same legal grounds in *Foote Hospital*.  (*Foote Hospital* Compl. at 32, ¶ 7.)  The court has difficulty imagining how Plaintiff could be more repetitive.

This Court also compares Plaintiff's factual allegations, paying specific attention to temporal circumstances.  Similar to the doctrine of *res judicata*, a "plaintiff has no continuing obligation to file amendments to the complaint to stay abreast of subsequent events; plaintiff may simply bring a later suit on those later-arising claims."  *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000).  If a complaint alleges facts that occurred after the filing of other pending complaints, then the action is not duplicative and shall not be dismissed.  Such a situation is not the case here.

Plaintiff's complaint presently before the court dates from the beginning of his custody under the Michigan Department of Corrections on August 3, 1996.  (Compl. at ¶

9

40.)  Of the six pending suits before Judge Tarnow, all of them were filed well after this

date, with the first in 2001.  (*Martin* Compl. at 1.)  Plaintiff places emphasis on his

transfer to SMF compound on March 9, 2004.  (Compl. at ¶ 66.)  In reading this *pro se*

complaint liberally, this Court will narrow its scope of review to these dates.

Three of the pending suits are temporally identical to the narrower dates in the

current complaint: *MDC II*, *Fullerton*, and *MDC III*.  (*MDC II* Compl. at ¶ 7; *Fullerton*

Compl. at ¶ 7; *MDC III* Compl. at ¶ 7.)  *Foote Hospital*, also pending, is temporally

similar, as it alleges incidents before, on and well after June 8, 2004.  (*Foote Hospital*

Compl. at ¶ 12.)  In regard to temporal circumstances, Plaintiff's present complaint is

repetitive of those already consolidated.

In reviewing the factual allegations of the complaint, the court considers Plaintiff's

alleged injuries, the location of the alleged bad acts, and the specific circumstances of

those acts.  In limiting its review to the four pending cases that are temporally similar to

Plaintiff's instant case, this Court finds that the factual allegations are substantially

similar.  Plaintiff alleges the following injuries:

> loss of muscle mass and strength; ensuing falls and injuries; denials of
> prescribed medicines and medical care; lingering and severe pain in muscular
> and skeletal structures; bruises; urinary tract infections; mental and emotional
> pain and sufferings; continuous muscular and skeletal injuries; contractures;
> abnormal and injurious to paraplegic weight gain of paralyzed body portions;
> atrophy in paralyzed portions; and the totality of these to him.

(Compl. at ¶ 47.)  Each of these injuries is alleged in at least one (if not all) of Plaintiff's

other temporally similar complaints.  (*MDC II* Compl. at ¶ 14; *Fullerton* Compl. at ¶ 14;

*MDC III* Compl. at ¶ 14; *Foote Hospital* Compl. at 53-55.)  With regard to the injuries

alleged, this complaint is substantially similar to those pending.  Plaintiff's current

10

complaint focuses upon Plaintiff's incarceration at SMF.  (Compl. at ¶ 35.)  All four of the temporally similar complaints do the same.  (*MDC II* Compl. at ¶ 2; *Fullerton* Compl. at ¶ 2; *MDC III* Compl. at ¶ 2; *Foote Hospital* Compl. at ¶ 4.)  With regards to the location of the alleged incidents and injuries, this complaint is identical.

The complaint before the court focuses specifically on Plaintiff's alleged denial of medications, prescribed medical care, and safe bed and floor accommodations. (Compl. at ¶ 49.)  These allegations, though not the centerpiece of any pending suit, are not new or unique to litigation.  Plaintiff specifically avers that he was denied medications and medical care in *Foote Hospital* and *MDC II*.  (*Foote Hospital* Compl. at 22, ¶ 71D; *MDC II* Compl. at ¶ 16.)  Plaintiff specifically complains about the standard and unsafe nature of his bed in *MDC II*.  (*MDC II* Compl. at ¶ 67.)  Plaintiff even states in the present complaint that the rubber floor mat he seeks is already being litigated in *Martin*.  (Compl. at ¶ 71D; *Martin* Compl. at 1.)  The court notes that the rubber mat is also complained of in *MDC III*.  (*MDC III* Notice Pleading Part 3 at 4 (citing Hahn Aff. ¶ 5).)  Because all of Plaintiff's factual allegations in this case already appear in pending litigation, the complaints are substantially similar factually.

In addition, the court considers the relief sought by Plaintiff and compares it to pending cases.  Plaintiff seeks monetary relief, as in his other cases.  His complaint in this case seeks monetary damages upwards of $22,000,000.  (Compl. at 31.)  However, as described above, his claims are based upon the same factual allegations and legal assertions already pending before the court, so, assuming the viability of those claims, damages would be repetitive and inequitable to Defendants.  Furthermore, the amount sought in this complaint pales in comparison to the more than $165,530,000 sought in

11

pending litigation.  Plaintiff's claim for monetary damages in this complaint is repetitive
and abusive.

Plaintiff also seeks injunctive relief in the form of a proper bed, a rubber floor mat,
an aide to assist with transfers to and from his bed, and proper distribution of
medication.  (*Id.* at 29-30.)  In essence, Plaintiff is demanding that his incarceration
meet the standard allegedly required by the Constitution and relevant statutes given his
unique disability.  (*Id.* at 31.)  The court recognizes that Plaintiff has not sought this
exact relief in other pending litigation.  However, Plaintiff has sought injunctive relief for
"adequate facilities to sleep" (*MDC II* Compl. at 39), for medical "treatment without
delay" (*Foote Hospital* Compl. at 42), and for "transfer. . . to a proper facility" in
compliance with his rights under the ADA, FRA, CRIPA and the Eighth Amendment (*Id.*
at 42; *see also Fullerton* Compl. at 36; *MDC III* Compl. at 19; *MDC II* Compl. at 23).  It is
clear that at the heart of all pending litigation, including this complaint, is Plaintiff's
desire to be housed in an appropriate facility, given his disability.  *See Vinson*, No. 05-
72401, slip. op. at 1.  As such, the relief sought in this matter is, in essence,
substantially similar to the relief in the other cases.

Given the substantial similarities among the parties, legal claims, factual
allegations, temporal circumstances and relief sought, the complaint is repetitive.[6]
Pursuant to the authority granted by 28 U.S.C. §§ 1915(e) and 1915A, the court will

---

[6] Plaintiff may seek leave of the court, pursuant to Federal Rule of Civil Procedure 15(a),
to amend his complaints before Judge Tarnow if he feels that a specific allegation is
missing.  Amendments are "freely given when justice so requires."  Fed. R. Civ. P.
15(a).  Courts "assume a 'liberal policy of permitting amendments.'"  *Turner v. City of
Taylor*, 412 F.3d 629, 646 (6th Cir. 2005) (citing *Ellison v. Ford Motor Co.*, 847 F.2d
297, 300 (6th Cir. 1988)).

dismiss the complaint on the grounds that it is repetitive, malicious and frivolous.[7]  *See Bailey*, 846 F.2d at 1021 (citing *Ballentine*, 563 F. Supp. at 629); *see also Cato*, 70 F.3d at 1105, n2.

## II.  DISMISSAL OF DUPLICATIVE CLAIMS IN THE INTEREST OF WISE JUDICIAL ADMINISTRATION

Independent of the statutory grounds allowing dismissal of Plaintiff's *in forma pauperis* claims as frivolous and malicious, the court will, pursuant to its inherent powers, dismiss this action as duplicative.  A federal district court has "the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases."  *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1212-13 (N.D. Ill. 1983) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).  "Whereas only exceptional circumstances justify a federal court's refusal to exercise its jurisdiction in state court, a federal suit may be dismissed for reasons of

---

[7] This dismissal pursuant to § 1915(e) is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute.  *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992).  This dismissal on these grounds does not prejudice the filing of a paid complaint making the same allegations.  *See id.*  However, as explained below, the complaint is also dismissed by the court in the exercise of wise judicial administration as duplicative.  This dismissal is a decision on the merits, and therefore Plaintiff is barred on these grounds from refiling, regardless of payment.  (*Id.*)  Furthermore, pursuant to the "three strikes rule," a prisoner may not file any claims "if, on three or more occasions, while incarcerated or detained in any facility, [the prisoner has] brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim . . . unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Because the *Engler* matter was dismissed for failure to state a claim and this matter will be dismissed as frivolous and malicious, Plaintiff already has two strikes.  The court cautions Plaintiff to be aware of the consequences of a third.  Plaintiff could lose his ability to bring claims while detained, unless he can prove that he is under *imminent* danger of *serious* physical injury.  *Id.*

wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court." *Ridge Gold*, 572 F. Supp. at 1213 (citing *Colo. River Water*, 424 U.S. at 817-18); *see also Vinson*, No. 05-72401, slip op. at 1. The Supreme Court has recognized that "the general principle is to avoid duplicative litigation." *Colo. River Water*, 424 U.S. at 817 (citing *McClellan v. Carland*, 217 U.S. 268, 282 (1910)) (citation omitted); *see also Curtis*, 226 F.3d at 138 (stating that, "as part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit").

While some courts will order a litigant to show cause, "simple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis*, 226 F.3d at 138-39. This policy against allowing duplicative litigation is related to *res judicata*, as the two doctrines serve many of the same purposes. Both allow the dismissal of claims "to foster judicial economy and the 'comprehensive disposition of litigation,'" and to "protect parties from 'the vexation of concurrent litigation over the same subject matter.'" *Id.* at 138 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952), and *Adams v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991)). As another court explained:

> The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where, as here, two federal judges sitting on the same district court are . . . devoting scarce judicial resources to the adjudication of the same charges.

*Ridge Gold*, 572 F. Supp. at 1213. In like manner, it would be irrational to tolerate Plaintiff's duplicative litigation.

14

There is no rigid test for a court to follow in determining if a suit is duplicative. *Colo. River Water*, 424 U.S. at 817. Instead, a federal court is accorded a great deal of latitude and discretion when undertaking considerations of this nature. *See Kerotest Mfg.*, 342 U.S. at 183-84; *see also Curtis*, 226 F.3d at 138 ("[t]he complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion").[8] Generally, "[a] suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions."[9] *Harrington v. Stegall*, No. 02-70573, slip op. at 2 (E.D. Mich. Feb. 2, 2002) (citing *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999)).

As previously discussed, the claims, parties and available relief do not significantly differ between the present complaint and Plaintiff's other pending litigation. In addition, the factual allegations, temporal circumstances and alleged injuries are substantially similar. Therefore, pursuant to the court's inherent authority to manage its docket in the interest of wise judicial administration, the court will dismiss the complaint as duplicative.[10]

---

[8] "[T]he Court of Appeals for the Seventh Circuit emphasized that the decision whether to defer to a concurrent proceeding remains, in essence, a balancing test. Thus, even where. . . avoiding redundant litigation is highly desirable, any countervailing 'special factors' counseling the exercise of the court's jurisdiction also must be considered." *Ridge Gold*, 572 F. Supp. at 1213 (citing *Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.*, 600 F.2d 1228, 1233 (7th Cir. 1979)). Such countervailing considerations, however, are of no moment in this case.

[9] Courts do not require the claims to be identical; instead, courts only look to see if there are any "significant differences." *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 224 (7th Cir. 1993).

[10] It is a recognized principle of law that a *pro se* litigant should be granted "leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v.*

### III.  CONCLUSION

Plaintiff's complaint is substantially similar to litigation already pending in this district before the Honorable Arthur J. Tarnow.  The instant complaint is therefore frivolous and duplicative.  IT IS ORDERED that the complaint is DISMISSED.


 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated:  July 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

*United States*, 70 F.3d 1103, 1105 n2 (9th Cir. 1995).  After reviewing Plaintiff's voluminous complaints and copious briefs in support, the court is satisfied that his current complaint cannot be cured by amendment.  Furthermore, it was made clear to the Plaintiff by the Western District Court of Michigan, in its order granting Plaintiff *in forma pauperis* status, that, "the Court shall review the case pursuant to 28 U.S.C. §§ 1915(e), 1915A and. . . will determine whether dismissal or service of process is appropriate."  (5/22/06 Order to Proceed In Forma Pauperis Without Payment of Initial Fee.)  Plaintiff was thus placed on notice regarding the possible deficiencies of his complaint, and the standard under which it would be reviewed.

S:\Cleland\JUDGE'S DESK\C2 ORDERS\06-12814.HAHN.DismissDuplicativeClaims2.wpd